UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALICIA L. COLON,

                                    **Plaintiff,**

  vs.                                                           5:25-CV-94
                                                                    (MAD/DJS)

JOSEPH PIERCE,

                                    **Defendant.**
_____

**APPEARANCES:**

**ALICIA L. COLON**
Syracuse, New York
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action by filing a *pro se* complaint on January 21, 2025. *See* Dkt. No. 1. A day later, Plaintiff amended her complaint.[1] *See* Dkt. No. 6. Plaintiff also filed an application to proceed *in forma* pauperis, which the Court granted. *See* Dkt. Nos. 2, 7. In her amended complaint, Plaintiff alleges that she visited the Eastwood Baptist Church and discovered that Defendant Joseph Pierce had failed "to recognize the safety concerns within the building." Dkt. No. 6 at 2. Specifically, Plaintiff claims that the building lacks carbon monoxide detectors

---

[1] Plaintiff's initial complaint named two Defendants, Joseph Pierce and Eastwood Baptist Church, while her amended complaint removed the Church and named Joseph Pierce and "Sales Representative" as Defendants. Dkt. No. 1 at 1-2; Dkt. No. 6 at 1-2. The amended complaint is the operative pleading. *See Oudekerk v. Doe #1*, No. 9:24-CV-0113, 2024 WL 2830579, *7 (N.D.N.Y. June 4, 2024) (holding that the amended complaint, when filed, supersedes and replaces the original complaint as the "operative pleading"); *see also Thomas v. Town of Lloyd*, 711 F. Supp. 3d 122, 129 (N.D.N.Y. 2024); *Holley v. Noone*, No. 5:23-cv-00460, 2023 WL 4532769, *7 n.3 (N.D.N.Y. July 12, 2023).

1

and that this endangers all those in the building. *See id.* Plaintiff seeks an order from this Court directing that the property be evacuated and that it remain closed pending repairs. *See id.* Plaintiff also filed a Motion for a Preliminary Injunction seeking emergency relief on the safety issue. *See* Dkt. No. 3. In her motion, Plaintiff claims that a daycare exists within the Church, and she expresses safety concerns for a child who attends the daycare, as well as other children. *See id.* Plaintiff alleges that these safety concerns are a violation of her constitutional rights under 42 U.S.C. § 1983. *See* Dkt. No. 6 at 1. Magistrate Judge Daniel J. Stewart reviewed Plaintiff's amended complaint and issued a Report-Recommendation and Order on February 12, 2025, recommending dismissal of Plaintiff's amended complaint. *See* Dkt. No. 8. Plaintiff has not filed any objections to that Report-Recommendation and Order.

When no objections are filed, the Court reviews a Report-Recommendation and Order for clear error. *See Kelly v. Guzy*, No. 8:20-CV-0721, 2022 WL 160305, *1 n.1 (N.D.N.Y. Jan. 18, 2022). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Garry v. McPhillips*, No. 9:21-CV-172, 2024 WL 4023890, *1 (N.D.N.Y. Sept. 3, 2024) (quotation omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the Court is obligated "to make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

In his Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court dismiss Plaintiff's amended complaint without prejudice. *See* Dkt. No. 8 at 6. Specifically, Magistrate Judge Stewart determined that Plaintiff did not state "enough facts to state a claim for relief that is plausible on its face." *Id.* at 3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Report-Recommendation and Order notes that although a court should liberally construe a *pro se* plaintiff's claim, "[t]hreadbare recitals . . . supported by mere conclusory statements [] do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Magistrate Judge Stewart concluded that Plaintiff has not provided the Court with enough facts to meet this standard. *See id.* at 4-5.

Magistrate Judge Stewart correctly recommended dismissal of Plaintiff's complaint due to Plaintiff's failure to state a claim. Although the Court must construe Plaintiff's complaint more liberally due to her *pro se* status, Plaintiff has not set forth enough plausible facts to set out a viable claim for relief. *See* FED. R. CIV. P. 8(a); *see also Bell Atl. Corp.*, 550 U.S. at 546-47; *Iqbal*, 556 U.S. at 678. Without alleging a specific constitutional violation or connecting the Defendant and the alleged safety concern to such a violation, Plaintiff has not properly pled facts that can lead this Court to infer that the Defendant may be liable for the alleged safety violations.[2]

Additionally, Magistrate Judge Stewart also determined that this Court lacks subject matter jurisdiction over Plaintiff's claim. *See* Dkt. No. 8 at 4-6. The Report-Recommendation and Order details the standard for subject matter jurisdiction, noting that a federal court "is

---

[2] It is unclear who the "Sale Representative" (named as a Defendant in the amended complaint) is, or what their potential connection might be to the alleged safety violations. Dkt. No. 6 at 1.

3

obligated to notice . . . the basis for its jurisdiction." *Id.* at 4.  Magistrate Judge Stewart also notes that the Federal Rules of Civil Procedure give a federal court the authority to determine subject matter jurisdiction *sua sponte*.  *See id.*; *see also* FED. R. CIV. P. 12(h)(3).  He correctly detailed the two ways a federal district court may have subject matter jurisdiction over a claim: federal question jurisdiction or diversity jurisdiction.  *See* Dkt. No. 8 at 4; *see also* 28 U.S.C. §§ 1331-1332.  The Court agrees with Magistrate Judge Stewart that this Court lacks subject matter jurisdiction over Plaintiff's amended complaint.  *See* Dkt. No. 8 at 6; *see also Jackson v. Wilcox*, No. 1:23-CV-130, 2023 WL 4230351, *3 (N.D.N.Y. June 28, 2023).

   Considering federal question jurisdiction, Magistrate Judge Stewart correctly concluded that Plaintiff has not pled a federal question as a basis for subject matter jurisdiction.  *See* Dkt. No. 8 at 5.  The amended complaint states that this action is brought under 42 U.S.C. § 1983, which allows an individual to sue for a violation of a constitutional right.  *See id.*  However, as Magistrate Judge Stewart explained, Plaintiff did not allege that the building safety issues violates a constitutional right, nor did Plaintiff include any federal statutory authority or constitutional provision in her complaint that would create a federal question about the safety matter.  *See id.*  Additionally, Plaintiff failed to identify a state actor as required for a claim brought pursuant to Section 1983.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Hollander v. Copacabana Nightclub*, 624 F. 3d 30, 33 (2d Cir. 2010).

   Magistrate Judge Stewart also correctly decided there is no basis for diversity jurisdiction, because diversity jurisdiction exists only when "'diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state.'"  Dkt. No. 8 at 5 (quoting *Wisconsin Dep't of Corr. v. Schact*, 524 U.S. 381 (1998)).  Magistrate Judge Stewart noted that Plaintiff's complaint states that both Plaintiff and Defendant are residents

4

of New York. *See id.* at 5-6. Thus, without addressing the amount in controversy requirement, Magistrate Judge Stewart appropriately determined there is no diversity of citizenship. *Id.*; *see also* Dkt. No. 6 at 1-2.

In sum, the Court agrees with Magistrate Judge Stewart's determinations that there is no federal question jurisdiction or diversity jurisdiction over Plaintiff's claim. Without proper subject matter jurisdiction, this Court may not exercise jurisdiction over Plaintiff's amended complaint. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Regarding Plaintiff's Motion for Preliminary Injunction, Magistrate Judge Stewart correctly determined that it must be denied because of this Court's lack of subject matter jurisdiction. *See* Dkt. No. 8 at 2, 6.

Finally, although Plaintiff only names herself as a Plaintiff in the case, to the extent that Plaintiff is trying to bring a claim on behalf of any child, the law instructs that a *pro se* plaintiff may not bring a claim on behalf of a child. *See* Dkt. No. 6 at 5; Dkt. No. 3; *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 909 F. 2d 59, 60-61 (2d Cir. 1990) (holding that a *pro se* litigant cannot bring a claim on behalf of a child).

Although Plaintiff has already amended her complaint once, the Court will permit Plaintiff, who is proceeding *pro se*, an opportunity to cure any deficiencies outlined in this Order through the amendment of her complaint. *See Branum v. Clark*, 927 F. 2d 698, 704-05 (2d Cir. 1991) (stating that a *pro se* litigant should be given at least one chance to amend if there is any indication they have a valid claim); *Harris v. Mills*, 572 F. 3d 66, 70 (2d Cir. 2009); *see also* FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires").

Accordingly, the Court hereby

5

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 6) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 3) is **DENIED**; and the Court further

**ORDERS** that Plaintiff may file another amended complaint within **THIRTY (30) DAYS** of the date of this Order, and should Plaintiff file another amended complaint, the Clerk of the Court shall return this case to Magistrate Judge Stewart for review; and the Court further

**ORDERS** that, if Plaintiff fails to file another amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 15, 2025
Albany, New York

Mae A. D'Agostino
U.S. District Judge